UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL TOPETE, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>RAMOS FURNITURE,<br><br>   Defendant. | Case No. 15-cv-00845-HSG<br><br>**ORDER GRANTING STIPULATION TRANSFERRING ACTION**<br><br>Re: Dkt. No. 62 |

Before the Court is the stipulation to change venue filed by Plaintiffs Marisol Topete and Rosalba Maldonado ("Plaintiffs") and Defendant Ramos Furniture ("Defendant"). Dkt. No. 62 ("Stip."). The parties request a discretionary transfer under 28 U.S.C. § 1404(a) to the Eastern District of California because that is where Plaintiffs, most putative class members, witnesses, and physical evidence are located. For the reasons set forth below, the Court **GRANTS** the parties' stipulation and **TRANSFERS** this entire action to the Eastern District of California.

## I.    BACKGROUND

Plaintiffs filed this wage-and-hour putative class action brought under federal and state law on February 25, 2015. Dkt. No. 1. During the parties' initial case management conference on June 16, 2015, the Court noted that a threshold question existed as to whether venue in this district was proper, given the apparent location of the stores. *See* Dkt. No. 26. The parties agreed to meet and confer to discuss the issue further, but Plaintiffs noted that there was still some question about the proper identity of the defendants that had the potential to affect its position on proper venue.

After completing some discovery, Plaintiffs sought leave to amend their complaint to finalize the list of named defendants. Dkt. No. 46. Briefing was completed on January 11, 2016. *See* Dkt. Nos. 51 & 53. On February 10, 2016, the Court took the matter under submission. Dkt.

No. 59.  The next day, the parties filed the instant stipulation and proposed order to change venue, agreeing that the most appropriate venue is the Eastern District of California.  Stip. ¶¶ 4-5.

## II. LEGAL STANDARD

The Court has discretion to transfer a case to another district under 28 U.S.C. § 1404(a). The statute provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.*

Even though Section 1404(a) now permits parties to stipulate to request a transfer to any district, the Court must still consider whether transfer is statutorily appropriate.  15 Fed. Prac. & Proc. Juris. § 3841 (4th ed. 2015) ("[C]onsent of all parties is not a basis for ordering transfer. The transferor court must still conclude that the Section 1404(a) statutory factors of convenience and the interest of justice justify transfer . . . [The parties] are consenting to a transferee court after the court determines that transfer is proper based upon the longstanding statutory factors."); H.R. Rep. No. 112-10, at 24 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580 ("Under the proposed amendment, such transfers would only be possible where all parties agreed and only if the court found it to be for the convenience of the parties and witnesses and in the interest of justice.").

Whether transfer serves the "convenience of the parties and witnesses" and promotes "the interest of justice" is a determination courts must make on a case-by-case basis.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Relevant factors include: (1) the location where any contracts were negotiated and executed, (2) the state that is most familiar with the governing law (if transfer would make a difference), (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Id.* at 498-99.

## III. DISCUSSION

Applying the factors set forth above, the Court finds that transfer to the Eastern District of California is appropriate.  Based on the parties' representations, the Eastern District is the center

of gravity of this action. Both Plaintiffs are residents of Fresno County, which is located in the Eastern District. Stip. ¶ 3. Defendant represents that most of the putative class members, third-party witnesses, and physical evidence are in the Eastern District because that is where four of the key stores at issue are located. *Id.* ¶¶ 3-4. And the parties agree that transfer will ease their travel burdens. *Id.* All of the factors set forth in *Jones* weigh in favor of transfer or are neutral. As the Court suspected from the beginning, there is no reason why this case should not be transferred.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the parties' stipulation and **TRANSFERS** this entire action to the Eastern District of California. The Clerk of the Court is instructed to immediately effectuate the transfer.

**IT IS SO ORDERED.**

Dated: February 25, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

3